UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROLAND GRAYBILL,

    Plaintiff,

v.                                           Case No. 5:25-cv-245-TKW/MJF

CALHOUN COUNTY
CLERK OF COURT and
CALHOUN COUNTY TAX
OFFICERS,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Despite the undersigned affording Plaintiff an opportunity to supplement and clarify his allegations in a *third* amended complaint, Plaintiff's third amended complaint is a so-called "shotgun" pleading that violates the Federal Rules of Civil Procedure. Because Plaintiff failed to comply with the undersigned's order, and because Plaintiff's third amended complaint is a "shotgun pleading" that violates the Federal Rules of Civil Procedure, the District Court should dismiss this civil action without prejudice.

## BACKGROUND

Plaintiff is proceeding *pro se.* On December 8, 2025, the undersigned struck Plaintiff's first amended complaint because it was a so-called "shotgun pleading." Doc. 14. The undersigned ordered Plaintiff to file an amended complaint, on the court-approved form, that complied with the applicable legal standards.

On January 2, 2026, Plaintiff impermissibly filed two amended complaints. Docs. 15, 16. Consequently, the undersigned ordered Plaintiff to file one complaint that complied with the undersigned's order dated December 8, 2025. Doc. 19.

On January 23, 2026, Plaintiff filed his third amended complaint. Doc. 20. Plaintiff's third amended complaint is a shotgun pleading. Although Plaintiff utilized the court-approved form to draft his third amended complaint, in his third amended complaint, he instructs the District Court to review attachments to the amended complaint to ascertain the specific facts and claims. These exhibits are the two amended complaints that Plaintiff impermissibly attempted to file on January 2, 2026. Unfortunately, Plaintiff's exhibits are inconsistent, fail

to state a claim upon which relief can be granted, and they violate Rule 8(a).

Thus, the District Court can only guess as to what claims Plaintiff is attempting to assert, against whom he is asserting each claim, and what facts—if any—support each claim Plaintiff is attempting to assert. For these reasons, the third-amended complaint is a shotgun pleading.

## DISCUSSION

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b). "A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Toth v. Antonacci*, 788 F. App'x 688, 690 (11th Cir. 2019) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v.*

*Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). A district court that receives a shotgun pleading must *sua sponte* give a plaintiff "one chance to replead." *Id.* at 1296.

Once a *pro se* litigant has been given that opportunity to remedy deficiencies of his complaint and squanders that opportunity by filing another shotgun pleading, the district court has the authority to dismiss the complaint on shotgun pleading grounds. *Id.* at 1295; *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001); *see also Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.") (citations omitted).

The undersigned provided Plaintiff multiple opportunities to file an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Docs. 14, 19. Plaintiff failed to comply with the undersigned's orders and instead filed impermissible shotgun pleadings. Because Plaintiff has failed to comply with the undersigned's orders and has failed to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure, the District Court should dismiss this civil action.

## CONCLUSION

The undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice; and

2. **DIRECT** the clerk of the court to terminate all pending motions and close the case file.

At Pensacola, Florida, this 26th day of January 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**